943 F.2d 877
 In re Goldine G. KNUDSON and Duane A. Knudson, d/b/a
Goldie's Furniture, Debtors.
Phillip D. ARMSTRONG, Trustee of the Estate of Goldine G.
Knudson and Duane A. Knudson, d/b/a Goldie's
Furniture, Appellant,
v.
DAKOTA BANK AND TRUST COMPANY, BISMARCK, NORTH DAKOTA, Appellee.
 No. 90-5122.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 13, 1990.
Decided Sept. 4, 1991.
 
 1
 Phillip D. Armstrong, Minot, N.D., for appellant.
 
 
 2
 Malcolm H. Brown, Mandan, N.D., for appellee.
 
 
 3
 Before McMILLIAN and GIBSON, Circuit Judges, and ARNOLD,* District Judge.
 
 
 4
 MORRIS SHEPPARD ARNOLD, District Judge.
 
 
 5
 Counsel for appellant moves the court to reconsider that portion of its earlier opinion in this case holding that the trustee did not have standing to attack the bankruptcy court's approval of the grant of a post-petition security interest by debtors to appellee. We agree that the trustee did indeed have standing, but deny the petition for rehearing because 11 U.S.C. § 364, on which appellant relies and which provides for notice and hearing before debtor can contract post-petition debts, has no application to this case: The new security interest did not involve the extension of new credit by appellee or the acquisition of new debt by debtors and thus the statute is inapplicable on its face. Even if under applicable state law a pre-existing debt could not provide adequate consideration for a security interest, the trustee could not avoid the security interest because 11 U.S.C. § 549(a)(2)(B) insulates from avoidance any "transfer of property" that was "authorized ... by the court."
 
 
 6
 The petition for rehearing will therefore be denied.
 
 
 
 *
 The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas, sitting by designation